IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN F. SNOW,

        Plaintiff,

  vs.

EDWARD ALAMEIDA, et al.,

        Defendants.

/

No. CIV S-04-0443-LKK-CMK-P

FINDINGS AND RECOMMENDATIONS

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On May 28, 2004, the court dismissed plaintiff's complaint with leave to amend and directed plaintiff to file an amended complaint within 30 days.  Plaintiff's motion for reconsideration of the court's May 28, 2004, order was denied on July 28, 2004.  Plaintiff failed to file an amended complaint as directed by the court and, on September 22, 2005, the court directed plaintiff to show cause within 20 days why this action should not be dismissed for lack of prosecution and failure to comply with court orders and rules.  Plaintiff filed a response to the court's order to show cause on October 14, 2005.

      The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal

1

1  Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in
2  expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of
3  prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;
4  and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,
5  53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate
6  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,
7  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where
8  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
9  1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an
10 order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
11 1992).
12         In his response to the court's September 22, 2005, order to show cause, plaintiff
13 asserts several reasons why this action should not be dismissed.  First, plaintiff states that he has
14 never consented to the exercise of jurisdiction by a Magistrate Judge.  It appears from this that
15 plaintiff is asserting that the court's May 28, 2004, order, signed by a Magistrate Judge,
16 dismissing plaintiff's complaint with leave to amend is somehow a nullity because he never
17 consented to Magistrate Judge jurisdiction.  Because not all parties have consented, plaintiff is
18 correct that this case would not appropriately be before a Magistrate Judge for any final order.
19 See 28 U.S.C. § 636.  However, the court's May 28, 2004, order was not a final order and, as
20 such, it was appropriate for a Magistrate Judge to issue.
21         Next, Plaintiff contends that the May 28, 2004, order did not operate as a dismissal
22 of the complaint because the order stated that dismissal would only be recommended upon failure
23 to file an amended complaint and, to date, no such recommendation has been made.  This
24 argument follows from a misunderstanding as to the difference between dismissal of a complaint
25 with leave to amend, and dismissal of an entire action.  The May 28, 2004, order dismissed the
26 complaint with leave to amend.  The language plaintiff refers to was a warning to plaintiff that, if

2

1 he failed to file an amended complaint, a recommendation for dismissal of the entire action would
2 be made.

3       Next, plaintiff appears to argue that, because the District Judge has not ruled on his
4 motion for reconsideration of the May 28, 2004, order, dismissal is premature.  Plaintiff is
5 incorrect.  A review of the court's docket reflects that plaintiff's motion for reconsideration was
6 denied on July 28, 2004.  Since then, plaintiff has not filed an amended complaint.

7       Finally, plaintiff argues that the court was substantively wrong in its May 28,
8 2004, dismissal order.  Such an argument is not appropriate at this time because reconsideration
9 of the May 28, 2004, order has been denied.  Plaintiff may raise these arguments on appeal from a
10 final judgment.

11       Having considered the factors outlined above for imposition of dismissal
12 sanctions, the court finds that dismissal is appropriate.  In particular, plaintiff has not shown good
13 cause for his failure to file an amended complaint as directed by the court's May 28, 2004, order.
14 The court will, therefore, now recommend that the entire action be dismissed.

15       Based on the foregoing, the undersigned recommends that this action be dismissed.

16       These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
18 after being served with these findings and recommendations, any party may file written objections
19 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
20 and Recommendations."  Failure to file objections within the specified time may waive the right
21 to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23 DATED: October 20, 2005.

                                                                                                                                    */s/ Craig M. Kellison*

                                                      **CRAIG M. KELLISON**
                                                      UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26